UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE GOWDY,<br><br>    Petitioner,<br><br>    v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 2:24-cv-07964-SB-PD<br><br>ORDER ACCEPTING FINDINGS AND CONCLUSIONS OF U.S. MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation (R&R) of the U.S. Magistrate Judge, and Petitioner's objections. After reviewing de novo the portions of the R&R to which Petitioner objected, the Court accepts the findings and conclusions of the Magistrate Judge.

    Petitioner objects that the R&R fails to acknowledge his contention that his conviction is void because the state's gang expert allegedly testified falsely in his trial. Dkt. No. 13. But Petitioner challenged his conviction on this ground in a previous habeas petition, *Gowdy v. Pfeiffer*, No. 23-CV-06514-SB (C.D. Cal.), Dkt. No. 1 at 6–8, which was dismissed as an unauthorized successive petition, *Gowdy*, No. 23-CV-06514-SB, Dkt. Nos. 7, 8, 9. Petitioner then applied for a certificate of appealability, raising the same issue in support of his claim that he was denied his constitutional rights. *Gowdy*, No. 23-CV-06514-SB, Dkt. Nos. 10, 11. The Court denied the application, *Gowdy*, No. 23-CV-06514-SB, Dkt. No. 17, as did the Ninth Circuit, finding that Petitioner did not show reasonable jurists could debate the propriety of the court's dismissal, *Gowdy v. Pfeiffer*, No. 24-594 (9th Cir. filed October 18, 2024), Dkt. No. 7. The objection is therefore meritless.

    Although Petitioner has not requested a certificate of appealability in connection with his petition, Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court denying a habeas petition on procedural grounds may issue a certificate only if the petitioner shows both: (1) that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right"; and (2) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also* 28 U.S.C. § 2253(c)(2).  Petitioner has not made the requisite showing—"jurists of reason" would not find the determination that the Court lacks jurisdiction over the Petition "debatable."  The Court therefore declines to issue a certificate of appealability.

Finally, the Court declines to refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a), which provides that "[i]f an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals."  Referral is not in the interests of justice:  this is Petitioner's sixth successive petition and the Ninth Circuit has denied his prior applications to file a successive petition challenging his conviction.  Dkt. No. 12 at 3, 5.  *See Cannon v. San Bernardino Cnty.*, No. 20-CV-1429-AB, 2020 WL 8673843, at *2 n.1 (C.D. Cal. July 27, 2020) (refusing to refer because the petition was petitioner's "second successive habeas petition, and he has been advised previously of the requirement to seek the Ninth Circuit's permission").  If Petitioner wishes to file a successive petition, he may seek authorization by submitting his application directly to the Ninth Circuit in accordance with Ninth Circuit Rule 22-3.

IT IS THEREFORE ORDERED that:

1. Judgment shall be entered dismissing the Petition and this action without prejudice due to lack of jurisdiction, because the Petition is successive.

2. A certificate of appealability is denied.

Date: January 17, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge